**TARTER KRINSKY & DROGIN LLP**
*Substitute Special Litigation Counsel to*
*the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(Tel) 212.216.8000
(Fax) 212.216.8001
Robert A. Wolf, Esq.
Gregory J. Skiff, Esq.
rwolf@tarterkrinsky.com
gskiff@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | **Case No. 11-10219 (ALG)** |
| | : | |
| **KENNETH IRA STARR,** *et al.*, | : | **Chapter 7** |
| | : | |
| | : | **Jointly Administered** |
| Debtors.[1] | : | **Substantively Consolidated** |

----------------------------------------------------------------x

| | | |
|---|---|---|
| **ROBERT L. GELTZER, AS CHAPTER 7** | : | |
| **TRUSTEE OF KENNETH IRA STARR,** | : | |
| **STARR & COMPANY, LLC, AND STARR** | : | |
| **INVESTMENT ADVISORS, LLC,** | : | |
| | : | **Adv. Pro. No.** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **ANNALOU LEIBOVITZ a/k/a** | : | |
| **ANNIE LEIBOVITZ,** | : | **COMPLAINT** |
| **LEIBOVITZ STUDIO, INC.,** | : | |
| **305-307 WEST 11TH STREET LLC, and** | : | |
| **311 WEST 11TH STREET LLC,** | : | |
| | : | |
| Defendants. | | |

----------------------------------------------------------------x

---

[1] The Debtors in these cases and the case number assigned to each of the Debtors are as follows: Kenneth Ira Starr (11-10219 (ALG)); Starr & Company, LLC (11-10637 (ALG)); and Starr Investment Advisors, LLC (11-10639 (ALG)).

Robert L. Geltzer, Esq., as Chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") of Kenneth Ira Starr ("**Starr**"), Starr & Company, LLC ("**S&C**"), and Starr Investment Advisors, LLC ("**SIA**," and together with Starr and S&C, the "**Debtors**"), and as Trustee, the Plaintiff in this adversary proceeding, by and through his attorneys, Tarter Krinsky & Drogin LLP, as and for his Complaint against defendants Annalou Leibovitz a/k/a Annie Leibovitz ("**Leibovitz**"), Leibovitz Studio, Inc. ("**Leibovitz Studio**"), 305-307 West 11th Street LLC ("**305-307 LLC**"), 311 West 11th Street LLC ("**311 LLC**," together with Leibovitz, Leibovitz Studio and 305-307 LLC, the "**Defendants**"), alleges as follows based upon information and belief (acquired from, among other things, available internal corporate documents and records of the Debtors,[2] documents and information obtained from other sources, and other publicly available documents):

## PARTIES

1.  Plaintiff is the duly appointed Chapter 7 Trustee for the Debtors. The Trustee is a resident of the State of New York and is a licensed New York attorney maintaining an office at 1556 Third Avenue, Suite 505, New York, New York 10128.

2.  Defendant Leibovitz was and is an individual whose last known address is 755 Greenwich Street, New York, New York 10014.

---

[2] The Trustee's Court-appointed Accountant's due diligence review of the Debtors' books and records revealed, in part, that significant services were performed by the Debtors for the benefit of certain of their clients. Over the course of many years, it was found that the Debtors billed those clients for those services performed: (a) on an hourly basis, or (b) by monthly retainer, or (c) on a transactional basis (*i.e.*, deal by deal, % of income, etc.). The Trustee's Accountant also reviewed client account histories and cash receipts journals in order to determine if the amounts claimed to be due and owing from clients, including the Defendants, might be in need of adjustment, based on the Debtors' records, and made such adjustments, if required, in order to obtain corrected balances due from clients, including the Defendants. Although the Trustee's Accountant made every reasonable effort to determine the appropriate dollar amounts, it is possible that additional relevant documents were neither in the Debtors' possession nor readily obtainable by the Trustee or his Accountant. If such documents exist, they might affect the amounts being sought herein. Similarly, it may be possible that situations, either undocumented or otherwise unknown to the Trustee, may exist which, in turn, would result in upwards or downwards adjustments of certain of the amounts being sought herein (*e.g.*, unissued credits, agreed upon discounts, etc.). Absent these unknowns, the Trustee's Accountant believes that the amounts being sought herein are a reasonable reflection of the amounts owed by the Defendants to the Debtors' estate.

3. Defendant Leibovitz Studio, of which Leibovitz is the sole or majority shareholder, was and is a corporation duly formed and existing under the laws of the State of New York with a principal place of business located at 405 West 14th Street, New York, New York 10014.

4. Defendant 305-307 LLC, of which Leibovitz is the sole or majority member, was and is a limited liability company duly formed and existing under the State of Delaware and is registered as a foreign limited liability company under the laws of the State of New York, with a place of business located at 755 Greenwich Street, New York, New York 10014.

5. Defendant 311 LLC, of which Leibovitz is the sole or majority member, was and is a limited liability company duly formed and existing under the State of Delaware and is registered as a foreign limited liability company under the laws of the State of New York, with a place of business located at 755 Greenwich Street, New York, New York 10014.

## JURISDICTION AND VENUE

6. The United States District Court for the Southern District of New York (the "**District Court**") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Amended Standing Order of Reference, dated January 31, 2012 of Chief Judge Loretta A. Preska of the District Court, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

7. This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A, E), and (O). Because this is a core proceeding, the Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding. The Plaintiff consents to the entry of final orders or judgments by the Court if it is

{Client/007357/BANK828/00875255.DOCX;2 }    3

determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8. This adversary proceeding is commenced pursuant to the United States Bankruptcy Code (the "**Bankruptcy Code**") §§ 101, 105(a), 541, and 542; the general equity powers of the Bankruptcy Court; and the general common law of the State of New York; and it is also commenced pursuant to Federal Rules of Bankruptcy Procedure 6009, 7001, and 7008 to recover money or property belonging to the Debtors' estate.

9. Venue of the subject Chapter 7 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

### A. Background

10. The Debtors managed the financial and related personal affairs of, and served as an investment advisor for, numerous clients.

11. On or about May 26, 2010, the United States brought a criminal proceeding (the "**Criminal Proceeding**") against Starr in the District Court, Case No. 10-CR-00520-SAS-1.

12. In addition to the Criminal Proceeding, on or about May 26, 2010, the United States Securities and Exchange Commission (the "**SEC**") commenced a civil enforcement proceeding in the District Court against Starr, S&C and SIA, Case No. 10-CIV-4270 (SHS) (the "**SEC Proceeding**").

13. Aurora Cassirer, Esq. was appointed in the SEC Proceeding as the temporary, and then the permanent, receiver (the "**Receiver**") for S&C and SIA.

14. On or about September 10, 2010, Starr pled guilty in the Criminal Proceeding to, among other things, running a Ponzi scheme and is presently serving a seven and one-half year prison term in the Federal prison located in Otisville, New York.

15. On January 7, 2011, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against Starr in the Bankruptcy Court by the Estate of Joan Stanton and JAS Ventures, L.P. The Bankruptcy Court entered an order for relief on July 12, 2011, and shortly thereafter, the Trustee was appointed as the interim Chapter 7 trustee of Starr, and subsequently became permanent Trustee of Starr pursuant to Section 702(d) of the Bankruptcy Code and by operation of law.

16. On February 17, 2011 (the "**Petition Date**"), the Receiver filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court on behalf of S&C and SIA.

17. On December 8, 2011, upon a motion by the Trustee, the Bankruptcy Court entered an order (the "**Consolidation Order**") substantively consolidating the estates of Starr, S&C and SIA into a single Chapter 7 estate.

18. On December 27, 2011, the Trustee was appointed as successor trustee for both S&C and SIA, and continues to serve as Trustee of the Debtors' substantively consolidated chapter 7 estate.

B. **Professional Services Rendered to and on Behalf of the Defendants**

19. Commencing in or about December, 2008 and/continuing through in or about April, 2010, the Debtors provided professional services to the Defendants, including tax preparation services, investment advisory services and other financial-related services (the "**Professional Services**").

20. Commencing in or about January, 2009 and continuing through in or about May, 2010, the Debtors provided the Defendants with monthly statements of account which reflected the outstanding fees and expenses due from the Defendants in connection with the Professional Services rendered by the Debtors. Annexed hereto as Exhibit "A" are copies of each of those statements of account.

21. On or about September 9, 2013, and again on April 29, 2014, the Trustee wrote to the Defendants demanding payment of the amount of $465,306.89, which was then believed to be the amount owed by the Defendants for the Professional Services rendered by the Debtors to them. Upon further analysis of the Debtors' books and records (see note 2, supra), it is the Trustee's position that the Defendants owe the Debtors' estate the amount of $440,306.89 for the Professional Services (the "**Account Receivable**").

22. The Defendants' representative responded to the Trustee's April 29, 2014 letter by asserting that the Defendants did not owe any amount to the Debtors' estate, but the Trustee was not provided with documentation to support such assertion.

23. To date, the Defendants have failed and refused to make any payments to the Trustee, and thus there remains due and owing from the Defendants the total Account Receivable of $440,306.89.

C. **The Debtors' Payments to Cover Expenses of the Defendants**

24. In or about April, 2009, the Defendants and the Debtors entered into an agreement whereby: (i) the Debtors agreed to make payments directly to the Defendants and/or to third parties on behalf of the Defendants, to cover various expenses incurred by and/or on behalf of the Defendants; and (ii) the Defendants would reimburse the Debtors for all of the aforesaid payments (the "Agreement").

25. From in or about April, 2009 through and including in or about September, 2009, by way of funds drawn from an IOLA account that was being maintained by the Debtors' then-attorney Jonathan Bristol, Esq. (the "**Bristol IOLA Account**"), a number of monetary transfers, in the aggregate amount of $1,292,604, were made to Leibovitz Studio to provide funds to Leibovitz Studio for payment of various expenses incurred by that Defendant (the "**Leibovitz Studio Transfers**"). Below, is an itemized list of the Leibovitz Studio Transfers made:

| DATE | AMOUNT |
|---|---|
| **April 17, 2009** | $75,000 |
| **April 21, 2009** | $75,000 |
| **May 8, 2009** | $50,000 |
| **June 30, 2009** | $192,604 |
| **August 17, 2009** | $100,000 |
| **September 11, 2009** | $800,000 |
| **TOTAL:** | **$1,292,604** |

26. Also, from in or about April, 2009 through and including in or about September, 2009, by way of funds drawn from the Bristol IOLA Account, the following monetary transfers were made to various third parties in payment of various expenses incurred by the Defendants:

| DATE | RECIPIENT | AMOUNT |
|---|---|---|
| **April 2, 2009** | NY Commissioner of Tax and Finance | $99,308 |
| **April 2, 2009** | Rhinebeck Properties | $149,236 |
| **April 2, 2009** | JS Reps Corp- JP Morgan 937502193865 | $100,000 |
| **April 16, 2009** | Rhinebeck Properties | $48,770 |

| | | |
|---|---|---|
| **May 15, 2009** | 345 Abstract- Fidelity 1197545512 | $87,456 |
| **October 9, 2009** | Art Capital Group | $221,637 |
| **June 30, 2009** | Art Capital Group- JP Morgan 967002273 | $707,396 |
| **August 28, 2009** | Art Capital Group- JP Morgan 967002273 | $500,000 |
| **September 2009** | Jonathan Podell | $50,000 |
| | **SUB-TOTAL:** | **$1,963,803** |
| | **GRAND TOTAL (INCLUDES LEIBOVITZ TRANSFERS):** | **$3,256,407** |

Of the above payments in the amount of $1,963,803 and the Leibovitz Studio Transfers in the amount of $1,292,604, which aggregate $3,256,407, $2,500,000 were paid out of funds of Stacy Lloyd (a client of Debtors), and $200,000 were paid out of funds of Fred Hochburg (also a client of the Debtors) that had been deposited into the Bristol IOLA Account. The balance of the Defendants' expenses paid as aforesaid, in the amount of $594,796.00, were paid from funds of the Debtors that had been deposited into the Bristol IOLA Account (the "**Aggregate Expense Transfers**").

27.  To date, in breach of the Agreement, the Defendants have failed to pay back to the Debtors or to the Trustee any portion of the Aggregate Expense Transfers in the aggregate amount of $594,796.00.

### COUNT ONE
### (Account Stated)

28.  The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

29. The aforesaid Professional Services rendered by the Debtors were for the benefit of the Defendants, which resulted in the accrual of a debt. Thus, there exists a debtor-creditor relationship, whereby the Debtors were, and since as of the Petition Debt the Debtors' estate has been and is, the creditor and the Defendants have been and are the debtors.

30. From in or about January, 2009 through and including May, 2010, the Debtors provided Leibovitz with monthly statements of account which reflected the outstanding balance due from the Defendants to the Debtors for the fees and expenses incurred by the Debtors on behalf of the Defendants in rendering the aforesaid Professional Services.

31. At the times those statements were provided, Leibovitz retained them without objection.

32. No part of the sums owed for the Professional Services has been paid, although due and duly demanded by the Trustee, and there is now due and owing from the Defendants to the Debtors' estate the sum of $440,306.89, plus interest and costs.

## COUNT TWO
### (Turnover)

33. The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

34. As set forth above, the review of the Debtors' books and records by the Trustee and the Trustee's accountant reveals an open Account Receivable owed by the Defendants to the Debtors' estate for the Professional Services rendered in the amount of $440,306.89.

35. Said funds are property of the estate as provided for in § 541 of the Bankruptcy Code.

36. No part of said amount of $440,306.89 has been paid by the Defendants, although duly demanded by the Trustee.

{Client/007357/BANK828/00875255.DOCX;2 }    9

37. The Defendants have failed to turn over any of said amount of $440,306.89 to the Trustee.

38. Based upon the foregoing, and pursuant to Section 542 of the Bankruptcy Code, the Defendants must turn over said $440,306.89 to the Trustee.

**COUNT THREE**
**(*Quantum Meruit*)**

39. The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

40. Commencing in or about December, 2008 through and including in or about May, 2010, the Debtors performed the Professional Services for the benefit of the Defendants in good faith.

41. The Defendants accepted and benefited from the Professional Services provided by the Debtors without objection.

42. As evidenced by the monthly statements of account provided to Leibovitz by the Debtors, the Debtors had a reasonable expectation that they would be compensated for performing the Professional Services.

43. The aforesaid amount of $440,306.89 is the reasonable value of the Professional Services rendered by the Debtors.

**COUNT FOUR**
**(Breach of Contract)**

44. The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

45. In or about April, 2009, the Debtors and the Defendants entered into the Agreement.

46. The Debtors performed their obligations under the Agreement by making payment of the Aggregate Expense Transfers in the amount of $594,796.00.

47. Defendants, however, have breached their obligations under the Agreement by failing to repay to the Debtors or to the Trustee the $594,796.00 amount of the Aggregate Expense Transfers.

48. Accordingly, Defendants owe the Trustee the amount of $594,796.00, plus interest and costs.

**WHEREFORE**, the Trustee requests that this Court enter judgment in favor of the Trustee as follows:

A. On Count One, against the Defendants, jointly and severally, in the amount of $440,306.89, plus interest and costs;

B. On Count Two, against the Defendants, jointly and severally, in the amount of $440,306.89, plus interest and costs;

C. On Count Three, against the Defendants, jointly and severally, in the amount of $440,306.89, plus interest and costs;

D. On Count Four, against the Defendants, jointly and severally, in the amount of $594,796.00, plus interest and costs;

E. Awarding the Trustee's attorneys' fees and costs; and

F. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 30, 2014

**TARTER KRINSKY & DROGIN LLP**
*Substitute Special Litigation Counsel to the Chapter 7 Trustee*

By:  /s/ Robert A. Wolf
Robert A. Wolf
Gregory J. Skiff
1350 Broadway, 11th Floor
New York, New York 10018
(Tel) 212.216.8000
rwolf@tarterkirnsky.com
gskiff@tarterkrinsky.com