**TARTER KRINSKY & DROGIN LLP**
*Substitute Special Litigation Counsel*
*to the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Robert A. Wolf, Esq.
Gregory J. Skiff, Esq.
rwolf@tarterkrinsky.com
gskiff@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                                     :   **Case No. 11-10219 (MEW)**
                                                           :
**KENNETH IRA STARR,** *et al.*,                           :   **Chapter 7**
                                                           :
                                                           :   **Jointly Administered**
                       Debtors.[1]                         :   **Substantively Consolidated**
------------------------------------------------------------x
**ROBERT L. GELTZER, AS CHAPTER 7**                        :
**TRUSTEE OF KENNETH IRA STARR,**                          :
**STARR & COMPANY, LLC, AND STARR**                        :
**INVESTMENT ADVISORS, LLC,**                              :
                                                           :   **Adv. Pro. No. 14-02446 (MEW)**
                       Plaintiff,                          :
                                                           :
         v.                                                :
                                                           :
**ANNALOU LEIBOVITZ a/k/a**                                :
**ANNIE LEIBOVITZ,**                                       :
**LEIBOVITZ STUDIO, INC.,**                                :
**305-307 WEST 11TH STREET LLC, and**                      :
**311 WEST 11TH STREET LLC,**                              :
                                                           :
                       Defendants.                         :
------------------------------------------------------------x

### PLAINTIFF-TRUSTEE'S MEMORANDUM OF LAW IN RESPONSE AND IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

---

[1] The Debtors in these cases and the case number assigned to each of the Debtors are as follows: Kenneth Ira Starr (11-10219 (ALG)); Starr & Company, LLC (11-10637 (ALG)); and Starr Investment Advisors, LLC (11-10639 (ALG)).

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

    I.   The Applicable Legal Standard ...................................................................................... 3

    II.  Given This Court's Decision in Another Adversary Proceeding in
The Debtors' Cases, The Trustee Does Not Oppose Defendants' Motion
To Dismiss His Claim For Account Stated But Simply Seeks Leave to
Replead as Was Permitted in Said Adversary Proceeding................................................ 4

    III. The Trustee Has Sufficiently Pleaded A Claim for *Quantum Meruit* ................................ 4

    IV. The Trustee Is Withdrawing His Turnover Claim ............................................................ 6

    V.  The Trustee Has Sufficiently Pleaded a Claim For Breach of Contract
With Respect to the Aggregate Expense Transfers........................................................... 7

CONCLUSION................................................................................................................................ 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Commercial Fin. Servs. v. Jones (In re Commercial Fin. Servs.)*,
　251 B.R. 397 (Bankr. N.D. Okla. 2000) .......................................................................................7

*Enron Energy Services, Inc. v. Columbia Gas Transmission Corp. (In re Enron Corp.)*,
　2006 WL 2400082 (Bankr. S.D.N.Y. June 15, 2006)...................................................................6

*In re Fairway Group Holding Corp. Securities Litigation*,
　No. 14 Civ. 0950 (LAK)(AJP), 2015 WL 249508 (S.D.N.Y. Jan. 20, 2015)............................3

*Geltzer v. Barish*,
　Adv. Pro. No. 15-01100 (MEW) ..................................................................................................4

*Gentile v. Conley*,
　636 F. Supp. 2d 246 (S.D.N.Y. 2009)...........................................................................................7

*Gowan v. Patriot Group, LLC (In re Dreier LLP)*,
　452 B.R. 391 (Bankr. S.D.N.Y. 2011).........................................................................................4

*Munoz-Nagel*,
　2013 WL 1809772 .........................................................................................................................7

*Nat'l Enters., Inc. v. Koger P'ship (In re Nat'l Enters., Inc.)*,
　128 B.R. 956 (E.D. Va. 1991).......................................................................................................7

*Picard v. Merkin (In re Bernard L. Madoff Inv. Securities LLC)*,
　515 B.R. 117 (Bankr. S.D.N.Y. 2014).........................................................................................5

**Statutes**

Section 542 of the Bankruptcy Code .................................................................................................2

Bankruptcy Code § 550(a)(1) and (2)................................................................................................6

General Obligations Law § 5-701(a)(2).............................................................................................8

**PRELIMINARY STATEMENT**

Plaintiff Robert L. Geltzer, as Chapter 7 trustee ("**Plaintiff**" or "**Trustee**") of Kenneth Ira Starr ("**Starr**"), Starr and Company, LLC ("**S&C**") and Starr Investment Advisors, LLC ("**SIA**," together with Starr and S&C, the "**Debtors**"), by his undersigned special counsel, hereby submits this memorandum of law in response and in opposition to defendants' Annalou Leibovitz a/k/a Annie Leibovitz, Leibovitz Studio, Inc., 305-307 West 11th Street LLC, and 311 West 11th Street LLC (collectively, "**Defendants**") motion (the "**Motion**") to dismiss the Trustee's Complaint in this adversary proceeding.

In support of their Motion, the Defendants make specious arguments about the sufficiency of the pleadings, ignoring the clear allegations contained in the Complaint and/or relying on authority that simply is inapplicable to the instant matter.

Although it is true that the Debtor Starr was involved in a Ponzi scheme, the Trustee's Court-appointed Accountant reviewed all of the Debtors' books and records and concluded that such Ponzi scheme perpetrated by Starr was separate and distinct from the apparently legitimate accounting and other financial-related services provided by the Debtor S&C on behalf of various of S&C's client, including the Defendants. Those services, as set forth in the Trustee's Complaint, included preparation of Defendants' tax returns, investment advice, and additional financial-related services (the "**Professional Services**"). As also set forth in the Complaint, S&C billed Defendants monthly for those services, as evidenced by the monthly statements of account encompassing the period January 2009 through May 2010 which collectively are annexed to the Complaint as Exhibit A.

In his Complaint, the Trustee has asserted the following three (3) separate counts based upon the unpaid Professional Services rendered, pursuant to which he seeks to recover the

amount of $440,306.89 from the Defendants: Count One, for an account stated; Count Two, for turnover pursuant to Section 542 of the United States Bankruptcy Code (the "**Bankruptcy Code**"); and Count Three, for recovery of the aforesaid amount based upon the legal theory of quantum meruit.

As will be discussed further below, with respect to Count One, in that this Court, in another adversary proceeding in the Debtors' cases, dismissed the Trustee's claim for account stated based upon the fact that the subject statements of account, as is true here, did not provide a running balance of the amounts owed, with leave to the Trustee to replead, the Trustee respectfully requests such leave here as well, in order to replead his account stated claim respecting the Professional Services as one for breach of contract.

As to Count Two, while there are cases, cited below, which contradict the holdings in cases cited by Defendants that a claim for turnover under Section 542 of the Bankruptcy Code will not lie when there is a dispute as to whether the amounts for which turnover is sought are due, in order to avoid duplicative time and expense pursuing multiple claims for the same recovery, the Trustee is withdrawing Count Two.

As to Count Three, as will be set forth below, the Trustee clearly has pleaded sufficient facts regarding the rendering of Professional Services on behalf of the Defendants so that Defendants' request for dismissal of the Trustee's claim for recovery based upon quantum meruit should be denied.

The same fate should fall upon that portion of Defendants' Motion which seeks dismissal of Count Four of the Complaint. In that Count, the Trustee is suing Defendants for their breach of contract of an agreement with the Debtors, pursuant to which the Debtors agreed to make payments directly to the Defendants, and/or to third parties on behalf of Defendants, to cover

various expenses incurred by Defendants, and that Defendants would reimburse the Debtors for those payments. The Complaint specifically enumerates the date and amount of each payment on Defendants' behalf that is the subject of this claim (collectively defined in the Complaint as the "**Aggregate Expense Transfers**"), based upon a review of the Debtors' records by the Trustee's professionals. Thus, the Complaint more than sufficiently pleads a breach of contract claim in this regard, and Defendants' contention that the claim is barred by the statute of frauds is without merit.

## ARGUMENT

### I.     The Applicable Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . ." *In re Fairway Group Holding Corp. Securities Litigation*, No. 14 Civ. 0950 (LAK)(AJP), 2015 WL 249508, at *3 (S.D.N.Y. Jan. 20, 2015) (emphasis in original omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The "Court's role in deciding a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Id.* at *4. Furthermore, where, as here, Plaintiff is a bankruptcy trustee, "courts take a more liberal view when examining allegations" in a complaint because the

Trustee is operating from second-hand knowledge. *Gowan v. Patriot Group, LLC (In re Dreier LLP)*, 452 B.R. 391, 408 (Bankr. S.D.N.Y. 2011) (internal quotation marks omitted).

II.  **Given This Court's Decision in Another Adversary Proceeding in The Debtors' Cases, The Trustee Does Not Oppose Defendants' Motion To Dismiss His Claim For Account Stated But Simply Seeks Leave to Replead as Was Permitted in Said Adversary Proceeding**

This Court is respectfully referred to its Order dated July 1, 2015, in another adversary proceeding in the Debtors' cases captioned *Geltzer v. Barish*, Adv. Pro. No. 15-01100 (MEW) (the "**Account Stated Order**"), in which this Court granted defendant Barish's motion to dismiss the Trustee's claim for account stated on the basis that the invoices were not, in fact, statements of account, because they failed to provide a running balance owed by Mr. Barish, but granted the Trustee leave to replead.

Defendants in the instant matter point out that the invoices annexed to the Trustee's Complaint likewise do not contain running balances of the amounts outstanding. (Defendants' Motion at 5 n.3). The Trustee concedes this point. Accordingly, the Trustee respectfully requests that, as it did in the Barish adversary proceeding, this Court grant the Trustee leave to replead his claim for account stated as one based upon breach of contract and/or another legally cognizable ground.

III.  **The Trustee Has Sufficiently Pleaded A Claim for *Quantum Meruit***

Defendants contend that the Complaint: (1) "does not allege the Debtors ever performed services for Defendants[2], let alone in good faith"; (2) "does not identify any services rendered by the Debtors to or for the benefit of any Defendant, let alone indicate any Defendant's

---

2  Defendants contend, in the alternative, that the Trustee's claim for *quantum meruit*, among others, ought to be dismissed, "[a]t the very least . . . as against all Defendants other than Ms. Leibovitz." (Defs' Mot. ¶ 42.) In support of that contention, the Defendants state incorrectly that "neither the Complaint nor the invoices states professional services were rendered for the benefit of any corporate Defendant." (Id.) This simply is untrue. In all of the relevant allegations, the Trustee references all Defendants. (*See* Compl. ¶¶ 19-21, 29-30, 41-42.)

acceptance of such services"; (3) "lacks any allegation the Debtors expected the Defendants to satisfy any debts alleged to be evidenced by the invoices"; and (4) "does not identify any services rendered by the Debtors to or for the benefit of any of any [sic] Defendant, or otherwise provide a basis for ascribing a value of $25,000 per month to such services."  (Defendants' Motion at ¶¶ 34-37.)  Those contentions are utterly disingenuous and are belied by the explicit allegations concerning the Professional Services contained in the Complaint.

In Section B of the Complaint, entitled, "Professional Services Rendered to and on Behalf of the Defendants," the Trustee alleges that "[c]ommencing in or about December, 2008 and/continuing through in or about April, 2010, the Debtors provided professional services to the Defendants, including tax preparation services, investment advisory services and other financial-related services (the '**Professional Services**')." (Compl. ¶ 19.)  Paragraph 41 of the Complaint alleges that the "Defendants accepted and benefited from the Professional Services provided by the Debtors without objection." (Compl. ¶ 41.)  Paragraph 42 of the Complaint alleges that "the Debtors had a reasonable expectation that they would be compensated for performing the Professional Services." (Compl. ¶ 42.)  *And*, Paragraph 43 of the Complaint alleges that "the [ ] amount of $440,306.89 is the reasonable value of the Professional Services rendered by the Debtors." (Compl. ¶ 43.)  These allegations are further supported in other Paragraphs of the Complaint. (*See* Compl. ¶¶ 20-21, 29-31.)

Defendants' reliance on the decision in *Picard v. Merkin (In re Bernard L. Madoff Inv. Securities LLC)*, 515 B.R. 117, 149 n.19 (Bankr. S.D.N.Y. 2014) for the proposition that "a debtor's Ponzi scheme-related transactions are presumptively fraudulent and not in good faith," is misplaced.  There, the court was discussing the intent of a Ponzi schemer with respect to various transactions and/or transfers in the context of a claim against a subsequent transferee of a

fraudulent transfer pursuant to Bankruptcy Code § 550(a)(1) and (2). It is in that context that the court made reference to a Ponzi scheme presumption, in which, "'an actual intent to defraud is presumed because the transfers made in the course of a Ponzi scheme could have been made for no purpose other than to hinder, delay or defraud creditors.'" *Id.*

Defendants have not and cannot reference any authority for the proposition that a Ponzi scheme presumption is applicable to a claim for *quantum meruit*. In any event, this Court has acknowledged in another adversary proceeding in these cases that the Debtor Starr's criminal conduct does not require a finding *per se* that the Professional Services performed by the Debtors were illegitimate or fraudulent in nature. As footnote 2 of the Complaint states, the allegations in the Complaint with respect to the performance of Professional Services are based upon the due diligence review of various books and records of the Debtors by the Trustee's Court-approved Accountant.

Here, the Court's focus is whether the Trustee's allegations in the Complaint are sufficiently pleaded to give rise to a claim for relief under a theory of *quantum meruit*. Accordingly, the validity of the Professional Services and their reasonable value is a question more appropriately reserved for trial, after fact discovery in this adversary proceeding has been conducted.

**IV.    The Trustee Is Withdrawing His Turnover Claim**

With respect to Count Two of the Trustee's claim for turnover, Defendants argue that such a claim cannot lie where, as here, there is a dispute between the parties as to what is owed to the debtor or the bankruptcy trustee. Defendants cite certain case law, including a decision of the United States District Court for the Southern District of New York, and three from bankruptcy judges of this District, to support their argument. Interestingly, however, Defendants do not cite to the decision of former Chief Bankruptcy Judge Arthur J. Gonzalez in *Enron*

*Energy Services, Inc. v. Columbia Gas Transmission Corp. (In re Enron Corp.),* 2006 WL 2400082 at *6 (Bankr. S.D.N.Y. June 15, 2006), in which Judge Gonzalez noted that "Some other courts do not require that the debt be undisputed." *See, e.g., Nat'l Enters., Inc. v. Koger P'ship (In re Nat'l Enters., Inc.)*, 128 B.R. 956, 959 (E.D. Va. 1991); *Commercial Fin. Servs. v. Jones (In re Commercial Fin. Servs.)*, 251 B.R. 397, 410 (Bankr. N.D. Okla. 2000).

Nevertheless, in that the ultimate relief sought by the Trustee under his turnover claim is for recovery from Defendants of the same monetary amounts sought in other Counts of the Complaint, the Trustee, for the sake of avoiding potentially duplicative time and expense, is withdrawing his claim for turnover embodied in Count Two.

### V. The Trustee Has Sufficiently Pleaded a Claim For Breach of Contract With Respect to the Aggregate Expense Transfers

Defendants contend that the Trustee has failed to allege facts with respect to Count Four of the Complaint that an agreement existed between Defendants and the Debtors as to the Aggregate Expense Transfers. As was true regarding Defendants' earlier contentions, these also are belied by the pertinent allegations in the Complaint. (*See* Compl. ¶¶ 24-28.)

Defendants' reliance on the decisions in *Munoz-Nagel*, 2013 WL 1809772, at *3 and *Gentile v. Conley*, 636 F. Supp. 2d 246, 252 (S.D.N.Y. 2009) for the proposition that where allegations are pleaded on information and belief, the pleader must specify the basis for such information and belief, is misplaced, in that the Trustee's Complaint does specify same. In the lead-in paragraph towards the top of page 2 of the Complaint, the Trustee explicitly states that the allegations contained therein are "based upon information and belief (**acquired from, among other things, available internal corporate documents and records of the Debtors, documents and information obtained from other sources, and other publicly available documents**)" [emphasis added]. Further, in paragraphs 25 and 26 of the Complaint, based upon

the above-quoted sources of the Trustee's information and belief, the Trustee, in two charts, sets forth the specific dates and specific amounts of the expense transfers that are the subject of Count Four. Thus, in asserting that the Trustee has failed to plead Count Four with sufficient specificity, Defendants deliberately ignore the aforementioned allegations pertinent thereto that are more than sufficiently alleged in the Complaint.

Defendants' contention that the Trustee is silent as to Defendants' breach of their agreement to reimburse the Debtors for the Aggregate Expense Transfers makes no sense. It is axiomatic that the Trustee has adequately pled Defendants' breach because he has alleged that, in pursuant to the agreement, Defendants were required to reimburse the Debtors for the Aggregate Expense Transfers and that they failed to reimburse the Debtors for same. (Compl. ¶¶ 24, 27.)

Finally, Defendants' contention that General Obligations Law § 5-701(a)(2) required that the expense transfer agreement be in writing is misplaced. The expense transfer agreement was not an agreement on the part of Defendants "to answer for the debt… of another person," to quote the relevant language of that statutory provision, but rather an agreement by Defendants to repay to the Debtors the debts of **Defendants themselves** arising from the Aggregate Expense Transfers made by the Debtors on Defendants' behalf. Accordingly, General Obligations Law § 5-701(a)(2) is not applicable.

In short then, the Court should deny that portion of Defendants' Motion which seeks dismissal of Count Four of the Complaint.

## **CONCLUSION**

Based upon the foregoing reasons, the Trustee respectfully submits that with respect to Defendants' Motion, this Court should enter an Order:

1. Denying those portions of the Motion which seek dismissal of Counts Three (quantum meruit with respect to the Professional Services) and Count Four (breach of contract with respect to the Aggregate Expense Transfers) of the Trustee's Complaint;

2. Dismissing Count One (for account stated) of the Complaint, but with leave to the Trustee to replead;

3. Authorizing the Trustee's withdrawal of Count Two (for turnover) of the Complaint; and

4. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
October 20, 2015

                                           Respectfully submitted,

                                           **TARTER KRINSKY & DROGIN LLP**
                                           *Substitute Special Litigation Counsel*
                                           *to the Chapter 7 Trustee*

                              By:       s/ Robert A. Wolf
                                    Robert A. Wolf
                                    Gregory J. Skiff
                                    1350 Broadway, 11th Floor
                                    New York, New York 10018
                                    Tel (212) 216-8000
                                    rwolf@tarterkrinsky.com
                                    gskiff@tarterkrinsky.com