# STORCH AMINI & MUNVES PC

A New York Professional Corporation

**Jeffrey Chubak**
Member NY & NJ Bars

e-mail:  jchubak@samlegal.com
direct:  212.497.8247

January 12, 2016

<u>**Via ECF**</u>

Hon. Michael E. Wiles
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004

Re:    <u>*Geltzer, as Chapter 7 Trustee v. Leibovitz, et al.*</u>, Adv. Pro. No. 14-2446

Dear Judge Wiles,

We represent the defendants in the above-referenced adversary proceeding.    On December 2, 2015, Your Honor granted defendants' motion to dismiss the complaint but also granted plaintiff leave to replead, provided he did so by Friday, January 8, 2016.  Your Honor also scheduled a status conference for tomorrow, January 14, 2016 to determine how to proceed. We write in advance of that conference.

First, plaintiff failed to timely file an amended complaint, as required by Court order. Instead, he e-mailed a proposed version of the amended complaint on Friday evening and then filed the amended complaint the afternoon of the date hereof.

Second, the amended complaint fails to address any of the concerns raised by the Court at the December 2nd hearing.

- <u>Breach of Contract Claim for "Expenses."</u> The initial complaint summarily concluded there was an April 2009 agreement for defendants to "repay" transfers of other people's money, made from a commingled nondebtor IOLA account, to the debtors, without asserting any plausible facts concerning the existence of this agreement. Ruling on the motion, the Court told plaintiff "you sort of indicated in your papers that, well, maybe this is an implied in law contract rather than express contract" and directed plaintiff to "be a little more specific as to exactly what you're alleging and on what basis" when amending the complaint.  Hr'g Tr. 14:18-23 (enclosed).  Instead, plaintiff submitted nearly *identical* allegations concerning this contract except he added the word "implied" in front of the word "agreement."  *Compare* Compl. ¶24 with Amended Compl. ¶28.   These threadbare allegations not only fail applicable pleading standards but also fail common sense.   To state an implied contract claim, a plaintiff must plead facts sufficient to show that the circumstances and context support an *actual* meeting of the minds to *actual* terms, even though such terms were

Hon. Michael E. Wiles
January 12, 2016
Page 2

not reduced to writing. *Nadel v. Play-by-Play Toys & Novelties, Inc.*, 208 F.3d 368, 376 n.5 (2d Cir. 2000). The amended breach of contract claim contains no context and no terms and thus must be dismissed on this basis. *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 593 (2d Cir. 2006). Moreover, the notion that there was a meeting of the minds between defendants and the debtors for the debtors' lawyer to direct transfers of other people's money out of a comingled IOLA account, and then for defendants to repay that money to the debtors is preposterous. Nothing in the amended complaint suggests the defendants had any idea funds allegedly transferred to/for their benefit did not belong to them. Notably, plaintiff does not assert any voidable transfer claim arising from these transfers.

- Quantum Meruit Services Claim. The initial complaint failed to allege any facts concerning any specific services performed, when they were performed, their value, and whether they were performed in good faith. Again, the Court directed that plaintiff specify in its amended complaint "what kinds of services" and "what kinds of backup" plaintiff alleged "so that the amount of time spent and the nature of the services provided can be more clearly specified." Hr'g Tr. 12:19-24. The amended complaint provides a longer list, but still a general list of services allegedly provided.[1] However, it fails to specify any specifics, any backup (it is still pled entirely on information and belief), any dates of service, or the value of specific services. It still contains no factual allegation that the unpaid services were provided *in good faith* and not as part of debtors' criminal activities.

- New Breach of Contract Services Claim. In connection with the previous briefing, plaintiff requested permission to add a new breach of contract claim to replace his deficient account stated claim for the invoices attached to the initial complaint. This claim is a hodgepodge of vague, contradictory, and non-cognizable allegations. It is obvious plaintiff discovered the invoices in debtors' records but is unable to state anything else, including what the agreement was and what was paid or unpaid.

  o Plaintiff pleads on information and belief that the debtors and defendants had another "implied agreement" to pay first $20,000 and then $25,000 a month to the debtors. Plaintiff alleges no facts concerning why he summarily concluded defendants agreed to pay these amounts. Plaintiff alleges the monthly invoices were self-directed to the debtors (Amended Compl. ¶21) and that the debtors had signing authority over defendants' accounts (*id.* at ¶22). These two facts make it impossible to derive any meeting of the minds from the existence of the invoices or alleged payments.

---

[1] Plaintiff's list is somewhat more specific than before but is still full vague padding like "including but not limited to," "dealings with taxing authorities," "dealings and negotiations with creditor attempting to foreclose," etc. If plaintiff has a basis to believe the debtors provided specific services he should allege as much and certainly not on information and belief.

Hon. Michael E. Wiles
January 12, 2016
Page 3

> o Plaintiff alleges the invoices "reflected the outstanding fees and expenses due from" defendants. Amended Compl. ¶24. This contradicts the actual documents attached to the initial complaint, which do not show *any* outstanding balance owed other than the $25,000 for that particular month. Compl. Ex. A.[2] Plaintiff has still failed to allege what fact he is relying on to suggest $440,306 is owed and unpaid (even assuming the validity of these invoices).

> o Plaintiff alleges the debtors had check writing authority during this period. Amended Compl. ¶22. Yet curiously, he fails to allege how he knows the debtors did not write checks on each of the invoices or why. Instead, he refers back to the problematic "information and belief" footnote that states he believes it is possible other documents exist that could affect the amounts being sought.

> o Finally, the new allegation does not allege why any corporate defendant would be liable on the contract when all of the invoices are addressed solely to Ms. Leibovitz personally, care of StarCo.

- Multiple Defendants. The Court directed plaintiff to specify why he was making claims against each defendant and the extent to which each was liable. The amended complaint fails to provide any such facts. Other than sprinkling the phrase "and/or her Companies" throughout, the amended complaint contains *no* facts whatsoever concerning 305-307 West 11th St. LLC and 311 West 11th St. LLC. These two defendants must be dismissed. The amended complaint justifies the inclusion of Leibovitz Studio Inc. and adds a new cause of action against it on the grounds that the debtors' former attorney transferred other people's money to it or for its benefit, including funds traceable to the debtors. How this translates into implied mutual assent between Leibovitz Studio Inc., on the one hand, and "the debtors," on the other, to repay other people's money to "the debtors" is nowhere explained.

Third, plaintiff had an obligation to conduct appropriate diligence *before* commencing this action. Instead, he is attempting to skip that step by relegating his investigatory obligations until *after* a complaint is filed. Although he is a trustee, he still has the burden of establishing the appropriate factual predicates before dragging defendants into federal litigation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (plaintiff must plead facts "plausibly suggesting" liability); *In re Lyondell Chemical Co.*, 541 B.R. 172, 196 (Bankr. S.D.N.Y. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) ("On a motion to dismiss, it is not enough to plead facts that are 'merely consistent with a defendant's liability'"). Thus, to survive dismissal plaintiff must convince the Court the actionable interpretation of his allegations is more compelling than a non-actionable interpretation. Given that plaintiff now admits the debtors, convicted felons, had check writing authority over defendants' funds and sent statements only to

---

[2] *See also Geltzer v. Barish*, Adv. Pro. No. 15-1100 (Bankr. S.D.N.Y. July 14, 2015) [ECF No. 13] 21:18-23 ("It says, in Paragraph 17, that attached as Exhibit A are copies of each of the statements of account. And it appears to be saying that these are them, and there aren't others that you are relying on. So by your own admission, they don't have a running statement of account, so I think in that respect your complaint falls short").

Hon. Michael E. Wiles
January 12, 2016
Page 4

themselves, there is no reason to draw the interpretation the amended complaint summarily draws.

Fourth, the amended complaint asserts only state law causes of action against parties who have not filed a proof of claim in the bankruptcy case. Thus, there is no basis for this action to be adjudicated in this Court and defendants reserve the right to move to withdraw the reference.

We respectfully look forward to discussing these issues at tomorrow's conference.

Sincerely,

Jeffrey Chubak

Enclosure

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK


|                                         |   |                            |
|-----------------------------------------|---|----------------------------|
|                                         | . | Case No.  11-10219-mew     |
| IN RE:                                  | . |                            |
|                                         | . | Chapter 7                  |
| KENNETH IRA STARR,                      | . |                            |
|                                         | . |                            |
|              Debtor.                    | . |                            |
| . . . . . . . . . . . . . . . . .       | . |                            |
| ROBERT L. GELTZER, AS CHAPTER 7         | . | Adv. Proc. 14-02446        |
| TRUSTEE OF IRA STARR,                   | . |                            |
| STARR & COMPANY, LLC, AND               | . |                            |
| STARR INVESTMENT ADVISORS, LLC,         | . |                            |
|                                         | . |                            |
|              Plaintiff,                 | . |                            |
|      v.                                 | . | One Bowling Green          |
|                                         | . | New York, NY  10004-1408   |
| ANNALOU LEIBOVITZ, et al,               | . |                            |
|                                         | . | Wednesday, December 2, 2015|
|              Defendants.                | . | 10:04 a.m.                 |
| . . . . . . . . . . . . . . . . .       |   |                            |


TRANSCRIPT OF ADVERSARY PROCEEDING:  14-02466-mew
ROBERT L. GELTZER, AS CHAPTER 7 TRUSTEE OF
KENNETH V. LEIBOVITZ ET AL, MOTION BY DEFENDANTS
TO DISMISS ADVERSARY PROCEEDING; OPPOSITION FILED;
ADVERSARY PROCEEDING:  14-02466-mew ROBERT L. GELTZER,
AS CHAPTER 7 TRUSTEE OF KENNETH V. LEIBOVITZ ET AL,
PRETRIAL CONFERENCE
**BEFORE THE HONORABLE MICHAEL E. WILES**
**UNITED STATES BANKRUPTCY COURT JUDGE**

TELEPHONIC APPEARANCES:

For the Plaintiff:          Tarter Krinsky & Drogin
                            By:  ROBERT A. WOLF, ESQ.
                            1350 Broadway, 11th Floor
                            New York, NY  10018
                            (212) 216-8000

APPEARANCES CONTINUED

Audio Operator:             R. Leill, ECRO

Transcription Company:      Access Transcripts, LLC
                            10110 Youngwood Lane
                            Fishers, IN 46038
                            (855) 873-2223
                            www.accesstranscripts.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

1 trustee requested leave to re-plead, as he did in the <u>Barish</u>

2 case.  So I'm not sure what that --

3     THE COURT:  I interpreted that to mean as in the

4 <u>Barish</u> case he would re-plead, not necessarily that he would

5 give you the exact same text that he used.

6     MR. CHUBAK:  I agree that it's not obvious how he

7 would re-plead, but it kind of puts us in an unfair position

8 where we have to guess whether an amended claim would be futile

9 or not.

10     THE COURT:  Well, I don't think that's an unfair

11 position, yet it's not like the law requires you to see the

12 amended complaint before I give him leave to re-plead.  I don't

13 think there's anything unfair about that.

14     MR. CHUBAK:  Okay.

15     THE COURT:  Okay.  Mr. Wolf, you've said that you're

16 going to re-plead.  It does seem to me that your description of

17 services on the quantum meruit is rather thin.

18     MR. WOLF:  Well, we --

19     THE COURT:  Having done a trial on a different client

20 in connection with these, I have a feeling what I -- that I

21 know what kinds of services you're going to allege and what

22 kinds of backup you're going to allege.  Why don't you put it

23 into your complaint so that the amount of time spent and the

24 nature of the services provided can be more clearly specified?

25     MR. WOLF:  We're more than happy to do that, Your

1    Honor.  I assure Your Honor that we do have documentation now

2    which -- with which we can be more specific as to the

3    particular tax preparation services, the financial housekeeping

4    services, the taking care of preparing the payroll to the

5    defendant's employees, actually cutting the checks and

6    submitting them to Ms. Leibovitz and her entities for her

7    signature.  I'm more than happy to be more specific --

8              THE COURT:  Okay.  And when --

9              MR. WOLF:  -- in an amended pleading.

10             THE COURT:  I presume that her payment of prior

11   invoices is some evidence on which you base your allegation

12   that there was a reasonable expectation of payment here.

13             MR. WOLF:  It certainly is, Your Honor.

14             THE COURT:  So why don't you --

15             MR. WOLF:  She was paying before --

16             THE COURT:  But I didn't --

17             MR. WOLF:  -- for a number of years.

18             THE COURT:  -- see any description of what the prior

19   arrangement was.  You might want to put that in there too.

20             MR. WOLF:  We're more than happy to do that.

21             THE COURT:  Okay.  And as to replacing your account

22   stated claim with a claim of contract, I think it's -- yeah,

23   he's got a point.  What you alleged in the Barish case was

24   pretty thin, too.  You might want to be a little more specific

25   and less conclusory as to just if you're alleging an express

1    contract, just what's the basis, when was it made.  If you're

2    alleging some kind of implied contract, if you're alleging

3    there's an agreement, but you weren't there and you don't know

4    the terms --

5            MR. WOLF:  Right.

6            THE COURT:  -- at least allege why you think there

7    was an agreement.

8            MR. WOLF:  Okay.

9            THE COURT:  Okay.  So I think also that he's got a

10   legitimate point that you've lumped the defendants too much.

11   You just identified three of them and then the rest of the

12   complaint is the defendants this, the defendants that.

13           MR. WOLF:  Right.

14           THE COURT:  If you're going to make claims against

15   all three of them, at least specify why you're making claims

16   against the three of them and what the basis is and to the

17   extent to which you claim each is liable.

18           And as to the expenses, you sort of indicated in your

19   papers that, well, maybe this is an implied in-law contract

20   rather than express contract.  I think you need to be -- when

21   you amend your pleading, be a little more specific as to

22   exactly what you're alleging and on what basis.  I think he's

23   got a good point about that.  Okay?

24           MR. WOLF:  We will do that, Your Honor.

25           THE COURT:  All right.  So how much time do you need

1  to amend your pleading?

2          MR. WOLF:  If we could have 30 or so days, Your

3  Honor.

4          THE COURT:  Okay.  So let's just have another

5  conference to set a schedule for this matter, figure out where

6  we're going with it.  Today's the 2nd.  Why don't we do it on

7  January 13th.  You're not superstitious, are you?

8          MR. SAMET:  What time?

9          THE COURT:  Okay.

10          MR. CHUBAK:  It's 1:20.

11          MR. WOLF:  And, Your Honor, my amended pleading

12  should be obviously prior to then.

13          THE COURT:  Yeah.

14          MR. WOLF:  Shall we say by the prior Friday,

15  January 8?

16          MR. CHUBAK:  That's fine by me, as well.

17          THE COURT:  Okay.  Okay.  Just submit an order that

18  says that for the reasons stated on the record, the motion to

19  dismiss is granted without prejudice to re-pleading, that the

20  amended pleading will be filed on or before Friday,

21  January 8th, and the conference -- the next conference is

22  January 13th.  Okay.

23          MR. WOLF:  Thank you very much, Your Honor.

24          THE COURT:  All right.  Thank you.

25          MR. SAMET:  Thanks, Your Honor.

16

1          MR. CHUBAK:  Thank you.

2          MR. SAMET:  Was that 10:00 a.m. also at the time?

3          THE COURT:  Yes.

4          MR. SAMET:  Okay.

5          THE COURT:  Okay.

6      (Proceedings concluded at 10:21 a.m.)

7                      * * * * *