Bijan Amini
Avery Samet
Jeffrey Chubak
STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Defendants and Counterclaim
Plaintiffs*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 Case No. 11-10219 (MEW) |
| KENNETH IRA STARR, *et al.*, | Jointly Administered |
| Debtors. | Substantively Consolidated |
| ROBERT L. GELTZER, AS CHAPTER 7 TRUSTEE OF KENNETH IRA STARR, STARR & COMPANY, LLC, and STARR INVESTMENT ADVISORS, LLC, <br> Plaintiff and Counterclaim Defendant, | |
| - against - | Adv. Pro. No. 14-2446 (MEW) |
| ANNALOU LEIBOVITZ a/k/a ANNIE LEIBOVITZ, LEIBOVITZ STUDIO, INC., 305-307 WEST 11th STREET LLC, and 311 WEST 11th STREET LLC, <br> Defendants and Counterclaim Plaintiffs. | |

<u>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**</u>
**JURY TRIAL DEMANDED**

14-02446-mew    Doc 28    Filed 05/10/16    Entered 05/10/16 20:14:15    Main Document
Pg 2 of 14


## ANSWER

Defendants Annie Leibovitz ("Leibovitz"), Leibovitz Studio, Inc. ("Leibovitz Studio"), 305-307 West 11th Street, and 311 West 11th Street LLC (together, the "Defendants") answer the First Amended Complaint, filed January 12, 2016 (the "Complaint") by Robert L. Geltzer, as chapter 7 trustee ("Trustee") for the estates of Kenneth Ira Starr, Starr & Company, LLC ("S&C"), and Starr Investment Advisors, LLC (together, the "Debtors") as follows:[1]

### PARTIES

1.    Defendants admit the allegation in the first sentence of Paragraph 1, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

2.    Defendants admit the allegations in Paragraph 2.

3.    Defendants admit the allegations in Paragraph 3.

4.    Defendants admit the allegations in Paragraph 4.

5.    Defendants admit the allegations in Paragraph 5.

### JURISDICTION AND VENUE

6.    Paragraph 6 asserts legal conclusions as to which no response is required.

7.    Paragraph 7 asserts legal conclusions as to which no response is required.  Pursuant to Bankruptcy Rule 7012(b), Defendants deny that this is a core proceeding and do not consent to the entry of final orders or judgments by the Bankruptcy Court on the Trustee's claims against Defendants.

8.    Paragraph 8 asserts legal conclusions as to which no response is required.

9.    Paragraph 9 asserts legal conclusions as to which no response is required.

---

[1] Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 2 of the Complaint, and further deny that they owe any money to the Trustee under any legal or equitable theory.

2

## FACTS

### I.    BACKGROUND

10.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.    Defendants admit the allegations in Paragraph 11.

12.    Defendants admit the allegations in Paragraph 12.

13.    Defendants admit the allegations in Paragraph 13, except to the extent it asserts legal conclusions as to which no response is required.

14.    Defendants admit the allegations in Paragraph 14.

15.    Defendants admit the allegations in Paragraph 15.

16.    Defendants admit the allegations in Paragraph 16.

### II.    PROFESSIONAL SERVICES RENDERED TO AND ON BEHALF OF THE DEFENDANTS

17.    Defendants admit S&C agreed to provide financial services to Leibovitz, but otherwise deny the allegations in Paragraph 17.

18.    Defendants deny the allegations in Paragraph 18.

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.    Defendants admit that S&C provided financial and tax services to Defendants, but otherwise deny the allegations in Paragraph 20.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.    Defendants admit Leibovitz provided the Debtors with checkwriting authority, but otherwise deny the allegations in Paragraph 22.

23.     Paragraph 23 asserts legal conclusions as to which no response is required.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     Defendants admit the Trustee demanded payment from Defendants for professional services rendered, but deny knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 25.

26.     Defendants admit the allegations in Paragraph 26.

27.     Defendants admit they have refused to make any payment to the Trustee, but otherwise deny the allegations in Paragraph 27.

## III.     THE DEBTORS' PAYMENTS TO COVER DEFENDANTS' EXPENSES

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.     Defendants admit they refused to make any payment to the Trustee, but otherwise deny the allegations in Paragraph 31.

## COUNT 1
### (Breach of Contract)

32.     Defendants reallege and incorporate by reference the allegations in the preceding paragraphs of this answer.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

## COUNT 2
### (Quantum Meruit)

37.     Defendants reallege and incorporate by reference the allegations in the preceding paragraphs of this answer.

38.     Defendants admit that S&C provided financial and tax services to Defendants, but otherwise deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

## COUNT 3
### (Breach of Contract against Leibovitz Studio)

42.     Defendants reallege and incorporate by reference the allegations in the preceding paragraphs of this answer.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

## COUNT 4
### (Breach of Contract against Leibovitz)

46.     Defendants reallege and incorporate by reference the allegations in the preceding paragraphs of this answer.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

## COUNT 5
### (Breach of Contract against All Defendants)

50.     Defendants reallege and incorporate by reference the allegations in the preceding

paragraphs of this answer.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

### TRUSTEE'S PRAYER FOR RELIEF

Defendants deny the Trustee is entitled to any relief in connection with the Complaint.

### AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     The Trustee's claims are barred by the doctrines of setoff or recoupment.

3.     The Trustee's claims are barred by the doctrine of accord and satisfaction.

4.     The Trustee's claims are barred by the doctrines of unclean hands, in pari delicto,

faithless servant, or similar doctrines.

5.     The Trustee's claims are barred by the doctrines of res judicata or estoppel.

6.     The Trustee's claims are barred by lack of consideration.

7.     The Trustee's claims are barred by the statute of limitations.

8.     The Trustee's claims are barred by the statute of frauds.

9.     The Trustee's claims are barred by the doctrine of waiver.

10.     The Trustee's claims are barred by the doctrine of laches.

11.     The Trustee's claims are barred because this Court lacks subject matter jurisdiction

over such claims.

12.     The Trustee's claims are barred because the Debtors or Trustee destroyed or permitted to be destroyed discoverable documents.

13.     The Trustee's implied loan agreement claims are barred as a result of the Trustee's failure to pursue remedies against responsible third parties.

14.     The Trustee's implied loan agreement claims are barred because any funds belonging to non-Defendants that were transferred to Defendants or to third parties on Defendants' behalf have been returned to the appropriate non-Defendants.

15.     The Trustee's claims are barred as any agreement between Debtors and Defendants was cancelled, terminated, or rescinded.

16.     The Trustee's claims are barred because granting relief sought by the Trustee would violate public policy.

Defendants reserve the right to allege additional affirmative defenses based upon further information and discovery.

## COUNTERCLAIMS

Defendants assert the following counterclaims against the Trustee for the purpose of liquidating Defendants' setoff and/or recoupment rights against the Debtors' substantively consolidated estates, and not for the purpose of recovering a claim against the Debtors that arose prepetition or obtaining possession or exercising control over estate property:

## PARTIES

1.      The Trustee is the plaintiff and counterclaim defendant in this action and chapter 7 trustee for the Debtors' estates.  As alleged in the Complaint, the Debtors provided certain financial and tax services to Defendants.

2.      Defendant Leibovitz is a portrait photographer.

3.      The remaining Defendants are corporations directly or indirectly owned by her.

7

**JURISDICTION**

4.      Defendants assert the compulsory counterclaims set forth below pursuant to Federal

Rule of Civil Procedure 13(a).[2]

5.      This proceeding is non-core, and Defendants do not consent to entry of final orders

or judgments by this Court on Defendants' counterclaims.

**BACKGROUND**

**I.      THE LOAN AGREEMENT**

6.      The Debtors arranged and negotiated on Defendants' behalf a Secured Loan

Agreement between the Defendants, as borrowers, and American Photography LLC, an affiliate

of Art Capital Group, Inc., as lender ("Art Capital"), dated September 8, 2008 (the "Loan

Agreement").

7.      The Debtors executed the Loan Agreement on Defendants' behalf as their attorney

in fact.

8.      Pursuant to the Loan Agreement, the Defendants represented, warranted, and

covenanted to Art Capital, on a continuing basis, that there are no liens on Defendants' property

or filed against any Defendant (subject to inapplicable exceptions) and that Defendants would pay

all of their tax taxes when due, unless and to the extent any tax obligations are actively contested.

Defendants also covenanted to give Art Capital written notice of any "material change" in the

status of Defendants' property.

9.      The Loan Agreement further provided if any event of default occurred, available

remedies included an increase of the loan's interest rate to a default rate.  Events of default under

---

[2] Defendants assert counterclaims seeking offset in accordance with this Court's instructions in *Geltzer v. Evans (In re Starr)*, Adv. Pro. No. 14-2395 (Bankr. S.D.N.Y. Nov. 13, 2015) [ECF No. 31] (Trial Tr. at 21:5-22).

the Loan Agreement, in turn, include any materially false or misleading representation or warranty, and failure by Defendants to "perform, keep, or observe any material term, provision, condition or covenant."

10.    Pursuant to a September 8, 2009 Loan Agreement amendment, also arranged by the Debtors, the parties restated the foregoing terms.

## II.    DEBTORS' TAX ADVICE RESULTS IN FILING OF NEW YORK STATE TAX LIEN, TRIGGERING A DEFAULT UNDER THE LOAN AGREEMENT

11.    The Debtors prepared Leibovitz's 2008 Federal and New York State tax returns in or about September 2009 (roughly the same period the Debtors arranged the Loan Agreement amendment).  The returns, as prepared by the Debtors, reflected Federal and New York State tax liabilities of $1,572,369 and $457,552, respectively.

12.    Leibovitz, or others on her behalf, raised questions concerning the accuracy of the completed returns, but were advised by the Debtors that the returns should be filed by the October 15, 2009 filing deadline as they could be amended at a later date.

13.    The Debtors filed Leibovitz's Federal and New York State tax returns on October 15, 2009.  However, the Debtors did not include at that time any payment for either her Federal or New York State tax liabilities as at the time she did not have sufficient funds on hand to cover these liabilities.

14.    The Debtors did not take any steps to negotiate or implement a payment plan with tax authorities.

15.    Over the next several months following the Debtors' filing of Leibovitz's tax returns without payment, both the Internal Revenue Service ("IRS") and New York State began seeking payment for her 2008 stated tax obligations.  Specifically, New York State sent to the

Debtors a Notice and Demand for Payment of Tax Due, dated November 23, 2009, and the IRS

informed the Debtors of its intent to levy on certain of Leibovitz's assets.

16.     The Debtors did not respond to the foregoing communications from tax authorities.

17.     On January 13, 2010, New York State filed a $503,739.54 tax lien against Leibovitz

for her 2008 tax liabilities.

18.     Subsequent to the Debtors' receipt of the payment demand from New York State

and notice of intent to levy from the IRS referenced in Paragraph 15, Leibovitz hired a second tax

account to review her 2008 returns.  The accountant filed amended Federal and New York State

tax returns on February 19, 2010 reflecting final Federal and New York State tax liabilities of

$134,536 and $4,278, respectively.  On March 8, 2010, New York State confirmed Leibovitz's

2008 tax liability was $4,278.  Of the foregoing amount, only $55 represented actual taxes owed

to New York State and the balance was comprised of penalties and interest.

## III.    ART CAPITAL DISCOVERS THE TAX LIEN AND OBTAINS ARBITRATION AWARD AGAINST DEFENDANTS

19.     Following the Debtors' filing of Leibovitz's original 2008 tax returns on October

15, 2009, the Debtors did not contact Art Capital to advise it of her failure to timely pay 2008

Federal and New York State taxes.

20.     On March 29, 2010, after independently discovering the New York State tax lien,

Art Capital commenced an arbitration proceeding against Defendants alleging that each of the

filing on October 15, 2009 of Leibovitz's 2008 tax returns without including a payment for

liabilities shown on the same, and the filing of the New York State tax lien, constituted an event

of default under the Loan Agreement that triggered an obligation to pay interest at the default rate.

21.     The arbitrator considered and rejected various defenses raised by Defendants'

counsel in the proceeding, and entered an award of over $850,000 in Art Capital's favor,

representing unpaid default interest obligations between October 15, 2009 and the loan repayment

date (March 8, 2010).

22.    Defendants paid the amount awarded at arbitration.

## COUNT 1
### (Negligence against Trustee/Debtors)

23.    Defendants reallege and incorporate by reference the allegations in the preceding

paragraphs as if fully set forth herein.

24.    As Defendants' financial and tax advisor, with power of attorney to act in

Defendants' name and control over Defendants' financial affairs, the Debtors had a duty to provide

the Defendants with financial services and tax advice with reasonable care.

25.    The Debtors breached their duties in the following respects:

 (a) The Debtors prepared Federal and New York State 2008 tax returns that
  overstated Leibovitz's actual tax liabilities by approximately $2 million;

 (b) The Debtors advised Leibovitz to file the returns without paying the tax
  obligations stated therein, and instead of seeking an extension, even though
  her failure to pay the foregoing amounts resulted in Defendants defaulting
  on the Loan Agreement the Debtors had arranged for Defendants; and

 (c) The Debtors advised the Defendants to restate, in September 2009,
  representations, warranties, and covenants in the Loan Agreement that
  Leibovitz would pay all taxes when due, when the Debtors had, during the
  same period, prepared tax returns for Leibovitz showing tax obligations for
  2008 of approximately $2 million which the Debtors, as Defendants'
  financial advisor, knew or should have known she could not pay when due.

26.    As a proximate result of the foregoing breach, Art Capital obtained an arbitration

award of over $850,000 against Defendants.

27.    By reason of the Debtors' negligence, Defendants suffered damages in the amount

of over $850,000 plus attorneys' fees and expenses incurred by Defendants in connection with the

arbitration proceeding, fees and expenses incurred to Defendants' subsequent tax accountant in

connection with his correcting Defendants' 2008 Federal and New York State tax returns, and prejudgment interest.

## COUNT 2
### (Breach of Fiduciary Duty against Trustee/Debtors)

28.    Defendants reallege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

29.    As Defendants' financial and tax advisor, with power of attorney to act in the Defendants' name and control over Defendants' financial affairs, the Debtors owed the Defendants fiduciary duties of loyalty, care, and good faith.

30.    By the Trustee's admission, the Debtors deposited Defendants' funds in a comingled IOLA account and engaged in numerous improprieties, including misappropriation of client funds in furtherance of the Debtors' fraudulent scheme.

31.    The Debtors also breached their fiduciary duties in the following respects, resulting in Art Capital obtaining an arbitration award of over $850,000 against Defendants:

(a)    The Debtors prepared Federal and New York State 2008 tax returns that overstated Leibovitz's actual tax liabilities by approximately $2 million;

(b)    The Debtors advised Leibovitz to file the returns without paying the tax obligations stated therein, and instead of seeking an extension, even though her failure to pay the foregoing amounts resulted in Defendants defaulting on the Loan Agreement the Debtors had arranged for Defendants; and

(c)    The Debtors advised the Defendants to restate, in September 2009, representations, warranties, and covenants in the Loan Agreement that Leibovitz would pay all taxes when due, when the Debtors had, during the same period, prepared tax returns for Leibovitz showing tax obligations for 2008 of approximately $2 million which the Debtors, as Defendants' financial advisor, knew or should have known she could not pay when due.

32.    By reason of the Debtors' breach, Defendants suffered damages in the amount to be determined at trial.

## **DEMAND FOR TRIAL BY JURY**

33.    Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants request an award of damages against the Trustee on the foregoing counterclaims, in an amount to be determined at trial, for the purpose of liquidating Defendants' setoff and/or recoupment rights against the Debtors' substantively consolidated estates.

Dated: May 10, 2016
      New York, New York

STORCH AMINI & MUNVES PC

/s/ Jeffrey Chubak
Bijan Amini
Avery Samet
Jeffrey Chubak
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Defendants and Counterclaim Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on May 10, 2016 a copy of the foregoing was served by U.S. mail on plaintiff and counterclaim defendant's counsel at the following address:

Robert Wolf
Christopher Tumulty
TARTER KRINSKY & DROGIN LLP
1350 Broadway, 11th Floor
New York, New York 10018

/s/ Jeffrey Chubak
Jeffrey Chubak