**TARTER KRINSKY & DROGIN LLP**
*Substitute Special Litigation Counsel*
*to the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Robert A. Wolf, Esq.
Christopher Tumulty, Esq.
rwolf@tarterkrinsky.com
ctumulty@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                             :    **Case No. 11-10219 (MEW)**
                                                   :
**KENNETH IRA STARR,** *et al.*,                   :    **Chapter 7**
                                                   :
                                                   :    **Jointly Administered**
                Debtors.[1]                        :    **Substantively Consolidated**
---------------------------------------------------------------x
**ROBERT L. GELTZER, AS CHAPTER 7**                :
**TRUSTEE OF KENNETH IRA STARR,**                  :
**STARR & COMPANY, LLC, AND STARR**                :
**INVESTMENT ADVISORS, LLC,**                      :
                                                   :    **Adv. Pro. No. 14-02446 (MEW)**
                Plaintiff,                         :
                                                   :
        v.                                         :
                                                   :
**ANNALOU LEIBOVITZ a/k/a**                        :
**ANNIE LEIBOVITZ,**                               :
**LEIBOVITZ STUDIO, INC.,**                        :
**305-307 WEST 11TH STREET LLC, and**              :
**311 WEST 11TH STREET LLC,**                      :
                                                   :
                Defendants.                        :
---------------------------------------------------------------x

## ANSWER TO COUNTERCLAIMS

---

[1] The Debtors in these cases and the case number assigned to each of the Debtors are as follows: Kenneth Ira Starr (11-10219 (ALG)); Starr & Company, LLC (11-10637 (ALG)); and Starr Investment Advisors, LLC (11-10639 (ALG)).

Robert L. Geltzer, Esq., as Chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") of Kenneth Ira Starr ("**Starr**"), Starr & Company, LLC ("**S&C**"), and Starr Investment Advisors, LLC ("**SIA**," and together with Starr and S&C, the "**Debtors**"), and as Trustee, the Plaintiff in this adversary proceeding, by and through his attorneys, Tarter Krinsky & Drogin LLP, as and for his Answer to the Counterclaims (the "**Counterclaims**"), dated May 10, 2016, of defendants Annalou Leibovitz a/k/a Annie Leibovitz ("**Leibovitz**"), Leibovitz Studio, Inc. ("**Leibovitz Studio**"), 305-307 West 11th Street LLC ("**305-307 LLC**"), 311 West 11th Street LLC ("**311 LLC**," together with Leibovitz Studio and 305-307 LLC, the "**Companies**"; the Companies, together with Leibovitz, the "**Defendants**"), alleges as follows:

1.      Admits that the Trustee is denominated as the plaintiff and counterclaim defendant in this proceeding and has been appointed as the Chapter 7 Trustee of the Debtors. Plaintiff neither admits nor denies the remaining allegations contained in paragraph "1" of the Counterclaims, but refers the Court to the Complaint in this action for a complete statement of the allegations contained therein.

2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "2" of the Counterclaims.

3.      Denies the allegations contained in paragraph "3" of the Counterclaims, except avers that Leibovitz is the sole or majority shareholder of Leibovitz Studio, the sole or majority member of 305-307 LLC and the sole or majority member of 311 LLC.

4.      Admits that Defendants have asserted counterclaims in the Counterclaims, but the remaining allegations contained in paragraph "4" of the Counterclaims set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the remaining allegations contained in this paragraph.

2

5. Denies the allegations contained in paragraph "5" of the Counterclaims and avers that this adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A) and (O).

6. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "6" of the Counterclaims.

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of the Counterclaims, and refers the Court to the document referenced in this paragraph for its legal or factual significance, if any, to this matter.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "8" of the Counterclaims, and refers the Court to the document referenced in this paragraph for its legal or factual significance, if any, to this matter.

9. Plaintiff neither admits nor denies the allegations contained in paragraph "9" of the Counterclaims, and refers the Court to the document referenced in this paragraph for its legal or factual significance, if any, to this matter.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "10" of the Counterclaims, and refers the Court to the document referenced in this paragraph for its legal or factual significance, if any, to this matter.

11. Admits that the Debtors provided professional services to Leibovitz, including tax preparation services, financial advisory services and other financial-related services, but denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

3

allegations contained in paragraph "11" of the Counterclaims, and refers the Court to the documents referenced in this paragraph for their legal or factual significance, if any, to this matter.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "12" of the Counterclaims.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "13" of the Counterclaims.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "14" of the Counterclaims.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "15" of the Counterclaims.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "16" of the Counterclaims.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "17" of the Counterclaims.

18. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "18" of the Counterclaims, and refers the Court to the documents referenced in this paragraph for their legal or factual significance, if any, to this matter.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "19" of the Counterclaims.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "20" of the Counterclaims.

21. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "21" of the Counterclaims.

22. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "22" of the Counterclaims.

23. Plaintiff repeats, reiterates and realleges all of the foregoing in response to paragraph "23" of the Counterclaims.

24. Paragraph "24" of the Counterclaims sets forth a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in this paragraph.

25. Denies the allegations contained in paragraph "25" of the Counterclaims upon information and belief to the extent that they allege that Debtors breached any duties to Defendants. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

26. Denies the allegations contained in paragraph "26" of the Counterclaims upon information and belief to the extent that they allege that Debtors breached any duties to Defendants. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

27. Paragraph "27" of the Counterclaims sets forth a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in this paragraph.

28. Plaintiff repeats, reiterates and realleges all of the foregoing in response to paragraph "28" of the Counterclaims.

29. Paragraph "29" of the Counterclaims sets forth a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in this paragraph.

30. Denies the allegations contained in paragraph "30" of the Counterclaims.

31. Denies the allegations contained in paragraph "31" of the Counterclaims upon information and belief to the extent that they allege that Debtors breached any duties to Defendants. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

32. Paragraph "32" of the Counterclaims sets forth a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in this paragraph.

33. Paragraph "33" is Defendants' demand for a jury trial to which no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. The Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. The Counterclaims, in whole or in part, are barred by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. The Counterclaims are barred by the doctrines of laches, waiver, estoppel, unclean hands and other equitable principles.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. The Counterclaims are barred, in whole or in part, by virtue of Defendants having failed to file a timely proof of claim in the Debtors' bankruptcy cases.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38. To the extent that Defendants have suffered damages, which Plaintiff denies, those damages were caused by Defendants or by other persons and/or entities over whom the Debtors had no control or duty to control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39. Any losses and/or injuries sustained by Defendants were caused by their own negligence and mismanagement or the negligence and mismanagement of others working for or on behalf of Defendants, and not by the Debtors.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. To the extent that Defendants suffered any damages, which Plaintiff denies, Defendants failed to mitigate their damages.

41. The Counterclaims do not include sufficient information to raise all appropriate defenses and, therefore, the Trustee reserves the right to amend and/or supplement this Answer with additional defenses.

**WHEREFORE**, the Trustee requests that this Court enter judgment in favor of the Trustee as follows:

    A. Dismissing the Counterclaims in their entirety without prejudice;

    B. Granting the relief sought in the Trustee's Complaint; and

C. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 31, 2016

**TARTER KRINSKY & DROGIN LLP**
*Substitute Special Litigation Counsel to the Chapter 7 Trustee*

By:     s/ Robert A. Wolf
Robert A. Wolf
Christopher Tumulty
1350 Broadway, 11th Floor
New York, New York 10018
(Tel) 212.216.8000
rwolf@tarterkirnsky.com
ctumulty@tarterkrinsky.com