**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 Case No. 11-10219 (MEW) |
| KENNETH IRA STARR, *et al.*, | Jointly Administered |
| Debtors. | Substantively Consolidated |
| ROBERT L. GELTZER, AS CHAPTER 7 TRUSTEE OF KENNETH IRA STARR, STARR & COMPANY, LLC, and STARR INVESTMENT ADVISORS, LLC, | |
| Plaintiff and Counterclaim Defendant, | |
| - against - | Adv. Pro. No. 14-2446 (MEW) |
| ANNALOU LEIBOVITZ a/k/a ANNIE LEIBOVITZ, LEIBOVITZ STUDIO, INC., 305-307 WEST 11th STREET LLC, and 311 WEST 11th STREET LLC, | |
| Defendants and Counterclaim Plaintiffs. | |

## <u>PROTECTIVE ORDER</u>

The parties to this action, having agreed to the following terms of confidentiality, and this Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order, it is hereby ORDERED

1.      This Order shall apply to documents, testimony or other information provided in the course of discovery in this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order.

2.      Any person producing Discovery Material may designate as "Confidential" any Discovery Material or portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

3.       With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within 5 days of receipt of the transcript.

4.       At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential by informing all parties in writing that the Discovery Materials should be treated as Confidential under this Order.

5.       Discovery Material designated as Confidential shall be made available only to:

(a)      the parties to this action;

(b)      counsel and accountants retained specifically for this bankruptcy case and/or adversary proceeding, including any paralegal, clerical and other assistants employed by such counsel and/or accountants and assigned to the bankruptcy case and/or adversary proceeding;

(c)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)      any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

2

(e)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

(f)     stenographers engaged to transcribe depositions conducted in this action; and

(g)     the Court and its support personnel.

6.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

7.     All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court. The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal. For any document filed under seal, a redacted version of the document shall be filed on the public docket on the same day.

8.     Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

9.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10.     If a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure

3

shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product

protection with respect to the Inadvertently Disclosed Information and its subject matter.

11.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party

shall, within five business days, return or destroy all copies of the Inadvertently Disclosed

Information, and provide a certification of counsel that all such information has been returned or

destroyed.  A receiving party may move the Court for an Order compelling production of the

Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a

ground for entering such an Order the fact or circumstances of the inadvertent production.

12.    This Order shall survive the termination of the litigation. Within 30 days of the final

disposition of this action, all Discovery Material designated as "Confidential," including copies,

shall be returned promptly to the producing person, or, upon permission of the producing person,

destroyed.

13.    This Stipulation and Order shall not be construed as an admission by any party that

any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right

to object to the discoverability, relevance, or admissibility of any document or other evidence.

There are no intended beneficiaries of this Stipulation and Order other than the parties to this action

and the Court, and no other person shall acquire any right hereunder.

**SO ORDERED.**

Dated: July 26, 2016
        New York, New York                                **s/Michael E. Wiles**
                                                           Honorable Michael E. Wiles
                                                           United States Bankruptcy Judge

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>KENNETH IRA STARR, *et al.*,<br><br>Debtors. | Chapter 7 Case No. 11-10219 (MEW)<br><br>Jointly Administered<br><br>Substantively Consolidated |
| ROBERT L. GELTZER, AS CHAPTER 7<br>TRUSTEE OF KENNETH IRA STARR,<br>STARR & COMPANY, LLC, and STARR<br>INVESTMENT ADVISORS, LLC,<br>   Plaintiff and Counterclaim<br>   Defendant,<br><br>- against -<br><br>ANNALOU LEIBOVITZ a/k/a ANNIE<br>LEIBOVITZ, LEIBOVITZ STUDIO, INC.,<br>305-307 WEST 11th STREET LLC, and 311<br>WEST 11th STREET LLC,<br>   Defendants and Counterclaim<br>   Plaintiffs. | Adv. Pro. No. 14-2446 (MEW) |

## <u>NON-DISCLOSURE AGREEMENT</u>

I, _____, acknowledge that I have read and understand the Stipulation and Order for the Production and Exchange of Confidential Information in this action (the "Order"). I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____, 2016

_____
[Name]