**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AMES DEPARTMENT STORES, INC., *et al.*, | Case No. 01-42217 (REG) |
| Post-Confirmation Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF DEBTORS'**
**MOTION FOR ORDER IN AID OF CONFIRMATION**

PLEASE TAKE NOTICE:

1. Upon the attached motion of the above-captioned post-confirmation debtors (together, the "Debtors"), the Debtors will present the attached proposed order to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for signature on **November 16, 2015 at 12:00 p.m. (EST)**.

2. Objections to the motion must be filed with the United States Bankruptcy Court for the Southern District of New York and served upon the Debtors' undersigned counsel so as to be received by **November 13, 2015 at 4:00 p.m. (EST)**.

3. If an objection to the motion is timely filed, the Court will notify the Debtors and objecting parties of the date and time of a hearing on the motion, which hearing will be held before the Honorable Robert E. Gerber at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. Only those objections made in writing and timely filed with the Court and served will be considered at such hearing.

Dated: October 29, 2015
New York, New York

STORCH AMINI & MUNVES PC

/s/ Jeffrey Chubak
Bijan Amini
Avery Samet
Jeffrey Chubak
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
(212) 490-4100

*Attorneys for Post-Confirmation Debtors*

Bijan Amini
Avery Samet
Jeffrey Chubak
STORCH AMINI & MUNVES PC
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
(212) 490-4100

*Attorneys for Post-Confirmation Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| AMES DEPARTMENT STORES, INC., *et al.*, | Case No. 01-42217 (REG) |
| Post-Confirmation Debtors. | Jointly Administered |

## DEBTORS' MOTION FOR ORDER IN AID OF CONFIRMATION

The above-captioned post-confirmation debtors (together, the "Debtors") hereby move for an order in aid of confirmation, substantially in the form attached hereto, and respectfully state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this district is proper under 28 U.S.C. §§ 1408-09.

2. The statutory predicates for the requested herein are Bankruptcy Code sections 105 and 1141-43.

### BACKGROUND

3. On August 20, 2001, the Debtors commenced the above-captioned chapter 11 cases.

4. On November 13, 2013, this Court entered an order [Docket No. 4185] confirming the Debtors' third amended chapter 11 plan [Docket No. 4185, Ex. A] (the "Plan"). The Plan became effective November 19, 2013 [Docket No. 4186].

5. As a result of the Plan's confirmation and consummation, on the effective date, Rolando de Aguiar, the Debtors' former President, CFO, and Chief Wind Down Officer, was appointed Plan Administrator.

6. Section 7.9 of the Plan provides:

> The Debtors and Plan Administrator shall comply with all withholding and reporting requirements imposed by any federal, state, or local taxing authority, and all Distributions shall be subject to any such withholding and reporting requirements. The Plan Administrator shall be entitled to deduct any federal, state, or local withholding taxes from any Distributions. <u>As a condition to making any Distribution, the Plan Administrator may require that the holder of an Allowed Claim provide such holder's taxpayer identification number and such other information and certification as may be deemed necessary for the Plan Administrator to comply with applicable tax reporting and withholding laws</u>.

(emphasis added).

7. In accordance with Section 7.9, on or about September 17, 2015, the Debtors sent (via first class mail, to the address on file with the Debtors' claims and noticing agent, Donlin, Recano & Co., Inc. (the "Claims Agent"))[1] a notice (the "W-9 Notice") requesting completed W-9 forms to all U.S. holders of filed and scheduled claims that have not been disallowed and expunged (the "W-9 Notice Recipients").[2]

---

[1] The address on file with the Claims Agent is the address listed on the Debtors' schedules of assets and liabilities, the address(es) listed on the claimant's proof(s) of claim, and/or updated address(es) filed with this Court or provided by the claimant to the Debtors, Plan Administrator, or Claims Agent.

[2] In addition, the Debtors intend to send (also via first class mail, to the address on file with the Claims Agent) a notice requesting completed W-8 forms from approximately 18 foreign holders of claims against the Debtors which have not been disallowed and expunged (the "W-8 Notice Recipients").

2

8. The W-9 Notice instructed recipients thereof to return a completed W-9 form to the Debtors via mail, postmarked on or before October 23, 2015. The related certificate of service was previously filed with this Court [Docket No. 4535].

9. A substantial number of W-9 Notice Recipients submitted completed W-9 forms by October 23, 2015. However, approximately 368 notices mailed to such recipients were returned as undeliverable, and approximately 630 other recipients did not return completed W-9 forms by October 23, 2015 (together with W-8 Notice Recipients that fail to timely submit a completed W-8 form within 35 days of a written request for the same from the Debtors, the "Non-Submitting Recipients").

10. The Debtors cannot locate Non-Submitting Recipients that failed or fail to timely return completed W-8 or W-9 forms to the Debtors without incurring considerable expense and delay, which the Debtors believe would necessarily come at the expense of other creditors, and even if the Debtors undertook the process of locating Non-Submitting Recipients, the Debtors would likely only be able to locate a fraction of such Non-Submitting Recipients.

11. As the Debtors anticipate unsecured creditor recoveries to be approximately 1% of the allowed amount of their claims (consistent with projections in Debtors' disclosure statement), the Debtors believe it is not a good use of estate resources to search for Non-Submitting Recipients who did not update the claims register with contact information or who failed to respond to direct mailings from the Debtors.

**RELIEF REQUESTED AND BASIS THEREFOR**

12. Out of an abundance of caution, the Debtors respectfully requests authorization to instruct the Claims Agent to treat the filed and scheduled claims of Non-Submitting Recipients as disallowed and expunged.

13. As noted above, Section 7.9 of the Plan specifically contemplates the Plan Administrator conditioning distributions on the timely submission of a completed W-8 or W-9 form to ensure compliance with tax reporting and withholding laws.

14. In addition, Bankruptcy Code section 1142(b) provides this Court "may direct the debtor and any other necessary party to execute or deliver … any instrument required to effect a transfer of property dealt with by a confirmed plan."  Moreover, Bankruptcy Code section 105(a) provides this Court may enter any order necessary or appropriate to carry out the provisions of this title.  Consistent with Section 6.6 of the Plan (concerning undeliverable distributions), the Debtors will distribute any funds previously allocable to Non-Submitting Recipients to those creditors that submitted W-8 or W-9 forms, as applicable.

## NOTICE

15. Notice of this motion was served by first class mail on U.S. Non-Submitting Recipients (other than those for which the W-9 Notice was previously returned as undeliverable) and W-8 Notice Recipients, counsel for the Plan oversight committee, and United States Trustee.

## NO PRIOR REQUEST

16. No prior request for the relief sought herein has been made.

WHEREFORE, the Debtors respectfully requests entry of the proposed order attached hereto.

Dated: October 29, 2015  
       New York, New York

STORCH AMINI & MUNVES PC

/s/ Jeffrey Chubak  
Bijan Amini  
Avery Samet  
Jeffrey Chubak  
2 Grand Central Tower, 25th Floor  
140 East 45th Street  
New York, New York 10017  
(212) 490-4100

*Attorneys for the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AMES DEPARTMENT STORES, INC., *et al.*, | Case No. 01-42217 (REG) |
| Post-Confirmation Debtors. | Jointly Administered |

## [PROPOSED] ORDER IN AID OF CONFIRMATION

Upon the motion of the above-captioned post-confirmation debtors (the "Debtors") for an order in aid of confirmation authorizing them to instruct Donlin, Recano & Company, Inc., the Debtors' claims and noticing agent (the "Claims Agent"), to treat the filed and scheduled claims of Non-Submitting Recipients (as defined in the motion) as disallowed and expunged; and it appearing adequate notice of the motion has been provided and that no other or further notice is necessary; and after due deliberation and good cause appearing therefore, it is hereby ORDERED:

1. The motion is granted as set forth herein.

2. The Plan Administrator is hereby authorized, but not required, to instruct the Claims Agent to treat the filed and scheduled claims of Non-Submitting Recipients as disallowed and expunged.

3. The terms of this order shall be immediately effective and enforceable.

4. This Court shall retain jurisdiction to interpret and enforce this order.

Dated: _____, 2015
        New York, New York

                                                    _____
                                                    Honorable Robert E. Gerber
                                                    United States Bankruptcy Judge